## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02157

JARED SCHAFFER
JESSICA SCHAFFER

    *Plaintiffs,*

v.

FIFTH THIRD BANK, N. A.
TRANS UNION, LLC

    *Defendants.*

### COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiffs, Jared Schaffer and Jessica Schaffer, (hereafter the "Plaintiffs") by counsel, for their complaint against the Defendants, alleges as follows:

### JURISDICTION

1. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

### PARTIES

2. The Plaintiffs are natural persons and residents of the State of Colorado. They are both "consumers" as defined by 15 U.S.C. § 1681a(c).

3. Fifth Third Bank, N.A. (hereafter "Fifth Third") is a foreign corporation organized under the laws of the State of Ohio and is authorized to do business in the State of Colorado.

4. Trans Union, LLC (hereafter "Trans Union") is a private limited company formed under the laws of the State of Delaware and is authorized to do business in the State of Colorado.

5.      Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

6.      Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

7.      Plaintiffs had two mortgages with Fifth Third. One of these mortgages was on their primary residence and the other was on a rental property.

8.      Both mortgages were paid via automatic debit from Plaintiffs' bank account. The debit for the primary residence mortgage was withdrawn on the 3rd of every month. The debit for the rental property mortgage was withdrawn on the 5th of every month.

9.      In September of 2019, Plaintiffs reviewed their mortgage statements online and discovered that payments for July and August were erroneously misallocated. The payment that should have been applied to the primary residence mortgage was erroneously applied to the rental property mortgage.

10.     The result of Fifth Third's error was that the primary residence mortgage was delinquent and the rental property mortgage was overpaid.

11.     Plaintiffs immediately called Fifth Third and spoke to a supervisor who identified the error. The payments were then reallocated in Fifth Third's system and Plaintiffs were told the credit bureaus would be notified of the necessary correction. Plaintiffs also filed a dispute online with Trans Union.

12.     After 5 days, Trans Union responded and verified the inaccurate information and did not remove the late payment from the Plaintiffs' credit report.

13. Months later, in January 2020, Plaintiffs noticed the primary residence mortgage was showing on-time payments for all months *except* August 2019. This payment was still being reported as 30 days late. This was an inaccurate account of Plaintiffs' payment history.

14. During the first week of February 2020, Plaintiffs called Fifth Third *again* and spoke with a supervisor. This supervisor again identified the error and stated and stated the credit bureaus would be notified of the correction, also stating the fix sometimes takes 30 days.

15. After thirty days, Plaintiffs noticed the error had not been fixed in their credit report. They *again* spoke with a supervisor at Fifth Third on a *third* occasion only to get the same response that the error would be corrected and credit bureaus would be notified.

16. At this time, Plaintiffs were trying to purchase another property. In order to qualify for their loan product of choice, Plaintiffs' loan officer informed Plaintiffs they needed a perfect payment history.

17. Plaintiffs requested that Fifth Third send Plaintiffs a letter stating the payment history had been corrected to show payments on the account were never late. Fifth Third did issue a letter, however it was for the wrong account number.

18. Plaintiffs called Fifth Third *every other day* from February 21, 2020 until March 12, 2020 when Plaintiffs were contractually forced to close on the loan for the new property. This resulted in Plaintiffs' paying a higher interest rate due to the Fifth Third inaccuracy.

19. Plaintiffs will now be paying an estimated additional $100,000.00 in interest charges over the life of the loan due to Fifth Third's and Trans Union's refusal to correct the error.

20. Fifth Third is a "furnisher" and regularly furnishes information about consumers, including the Plaintiff, to Trans Union.

21. Plaintiffs' credit reports provided to 3rd party credit granting entities contained the 30-day late error and Trans Union furnished Plaintiffs' credit reports after receiving Plaintiffs' dispute and verifying the inaccurate information.

22. The inaccuracy reported by Trans Union was furnished by Fifth Third.

23. Trans Union's response to Plaintiffs' dispute was to simply inform Plaintiffs that the information had been verified as accurate.

24. Upon receiving Plaintiffs' dispute, and in accordance with its standard procedures, Trans Union did not evaluate Plaintiffs' claims or make any attempt to substantially, or reasonably verify the Fifth Third disputed inaccuracy.

25. Plaintiffs allege that Trans Union failed to actually contact Fifth Third. Alternatively, it is also alleged that Trans Union did forward some notice of the disputes to Fifth Third and Fifth Third failed to conduct their own lawful investigations.

26. The Fifth Third inaccuracy was a damaging and derogatory item on the Plaintiffs' otherwise pristine credit report.

## COUNT I

## VIOLATION OF 15 U.S.C. § 1681i BY TRANS UNION

27. Plaintiffs reallege and incorporate paragraphs 1 though 26 above as if fully set out herein.

28. The FCRA mandates that a CRA conduct an investigation of the accuracy of the information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C. § 1681i(a)(1). The Act imposes a 30-day time limitation for the completion of such an investigation. *Id*.

29. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the

accuracy of the disputed information, the consumer reporting agency is required to delete that item of information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

30. The FCRA allows a CRA to terminate an investigation "if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." *See* 15 U.S.C. § 1681i(a)(3)(A). However, the FCRA mandates that "[u]pon making any determination in accordance with subparagraph (A) that a dispute is frivolous or irrelevant, a consumer reporting agency shall notify the consumer of such determination not later than 5 business days after making such determination." See 15 U.S.C. § 1681i(a)(3)(B).

31. Trans Union violated 15 U.S.C § 1681i by failing to delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the appropriate furnisher; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit file; and by relying upon verification from a source it has reason to know is unreliable.

32. Trans Union willfully and/or negligently failed to conduct *any* investigation, let alone a reasonable investigation, of Plaintiffs' disputes in violation of 15 U.S.C. § 1681i(a)(1).

33. Upon information and belief, at no point in their review of Plaintiffs' disputes did Trans Union make a determination that the dispute was frivolous or irrelevant.

34. Trans Union certainly did not advise the Plaintiffs that Plaintiffs' dispute had been determined to be frivolous or irrelevant as expressly required by 15 U.S.C. § 1681i(a)(3)(B).

35. As a direct and proximate result of the refusal to conduct a reasonable investigation by Trans Union, Plaintiffs have suffered economic and noneconomic loss.

36. As a direct and proximate result of the disregard by Trans Union for Plaintiffs' dispute and the importance of the Plaintiffs' good name and credit rating, Plaintiffs have suffered

a significant loss of trust in the credit reporting system and its accountability to the average consumer.

37. As a direct and proximate result of the willful and/or negligent refusal by Trans Union to conduct a reasonable investigation as mandated by the FCRA and as outlined above, Plaintiffs have suffered other loss and damage including, but not limited to, financial loss, expenditure of time and resources, mental anguish, humiliation, embarrassment and emotional distress, entitling Plaintiffs to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

38. The continued refusal by Trans Union to adopt and/or follow reasonable procedures as mandated by the FCRA reveals a conscious, willful and reckless disregard of the rights of the Plaintiffs. The injuries suffered by the Plaintiffs are attended by circumstances of fraud, malice, and willful and wanton misconduct entitling Plaintiffs to statutory damages, punitive damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(2).

## COUNT II

## VIOLATION OF 15 U.S.C. § 1681s-2(b) BY FIFTH THIRD

39. Plaintiffs reallege and incorporate paragraphs 1 through 38 above as if fully set out herein.

40. Fifth Third negligently and willfully violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to report the patently inaccurate 30- day late representation to Trans Union; by failing to fully and properly investigate the Plaintiffs' dispute of the Fifth Third representation described above; by failing to review all relevant information regarding the same; by failing to accurately respond to Trans Union; by failing to accurately report the results of the "investigation" to Trans Union, including that Plaintiffs disputed the tradeline, and by failing to

permanently and lawfully correct its own internal records to prevent the re-reporting of the Fifth Third representations to Trans Union.

41. As a direct and proximate result of this conduct, action and inaction of Fifth Third, Plaintiffs have suffered loss and damage including, but not limited to, financial loss, expenditure of time and resources, mental anguish, humiliation, embarrassment and emotional distress, entitling Plaintiffs to an award of actual damages in amounts to be proved at trial.

42. The conduct, action and inaction of Fifth Third was willful, rendering Fifth Third liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Fifth Third was at best negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

43. The Plaintiffs are entitled to recover costs and attorneys' fees from Fifth Third in an amount to be determined by the Court pursuant to 15. U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiffs, Jared Schaffer and Jessica Schaffer, respectfully pray for a judgment against Defendants as follows:

a. Actual damages sustained in an amount in excess of $75,000.00 and statutory damages of not less than $100 and not more than $1,000 for violations of the FCRA;

b. Such amount of punitive damages as the Court may allow for violations of the FCRA;

c. The cost of the action together with reasonable attorneys' fees as determined by the Court;

d. Such other and further relief as may be just and proper.

**JURY TRIAL DEMAND**

Jared Schaffer and Jessica Schaffer hereby demand a trial by jury on all issues in this action, except for any issues relating to the amount of statutory damages, attorney's fees and litigation costs.

Dated: July 22, 2020                                Respectfully Submitted,


*/s/ Matthew Osborne*
Matthew Osborne, Esq., No. 40835
Matthew R. Osborne, PC
11178 Huron Street, #7
Northglenn, CO 80234
303.759.7018
matt@mrosbornelawpc.com


*/s/ Kevin C. Williams*
Kevin C. Williams, Esq., No. 18072
Law Office of Kevin Williams, LLC
8403 Colesville Road, #1100
Silver Spring, MD 20910
301.399.1700
kevin@kwesquire.com
Pro Hac Vice Pending